UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON MARIE AMESSE,

       Plaintiff,

Case No. 11-11023

Honorable John Corbett O'Meara

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER GRANTING
## PLAINTIFF'S APRIL 28, 2011 MOTION TO REMAND

This matter came before the court on plaintiff Shannon Marie Amesse's April 28, 2011 motion to remand. Defendant State Farm filed a response May 6, 2011. No reply was filed. The court heard oral argument on the motion June 9, 2011. For the reasons set forth below, the court will grant the motion.

## BACKGROUND FACTS

Plaintiff Shannon Marie Amesse filed this action February 26, 2011, in the Circuit Court for the County of Washtenaw, seeking personal injury protection benefits for injuries sustained in a June 10, 2010 motor vehicle accident. The complaint states, "The amount in controversy does exceed Twenty Five Thousand ($25,000.00) Dollars." Compl. at ¶ 3.

On March 15, 2011, defendant State Farm removed the action to this court on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). The parties are diverse; however, Plaintiff asserts that the amount in controversy does not exceed the requisite $75,000. Plaintiff claims approximately $22,345.00 in damages.

## LAW AND ANALYSIS

A defendant seeking removal of a cause of action carries the burden of proving that the diversity jurisdiction requirements have been met. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Where a plaintiff seeks to recover an unspecified amount that is not greater than the amount in controversy requirement, the defendant may satisfy the requirement by showing that the plaintiff's claim "more likely than not" meets the threshold. See Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006).

In this case Plaintiff's complaint alleges damages totaling "in excess of $25,000.00" under Michigan's No-Fault Act. The Act provides that benefits to an injured person *can include* "all reasonable and necessary medical and rehabilitative expense–past, present, and future–including hospital and professional fees, home nursing care, occupational and vocational rehabilitation, and accommodations for or modifications to a home or vehicle for a handicapped person." Mich. Comp. Laws Ann. § 500.3107(1)(a). The Act further allows for wage losses for actual earnings for a period of three years. Id.

In part because of the potential damages allowed by the Act, defendant State Farm claims it has shown that Plaintiff's claim more likely than not meets the jurisdictional amount. However, if the court were to accept State Farm's reasoning, federal courts in Michigan would have jurisdiction over all No-Fault claims in Michigan if the parties to the suit showed diversity of citizenship. In this case State Farm has made no showing that Plaintiff's claims were in excess of $75,000 at the time of removal. Indeed, the $22,345 claimed by Plaintiff falls far short of the requisite amount. Therefore, the court will grant Plaintiff's motion to remand.

## **ORDER**

It is hereby **ORDERED** that Plaintiff's April 28, 2011 motion to remand is **GRANTED.**

It is further **ORDERED** that this action is **REMANDED** to the Circuit Court for the County of Washtenaw.

                                                                             s/John Corbett O'Meara
                                                                             United States District Judge

Date:  June 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 14, 2011, using the ECF system.

                                                                             s/William Barkholz
                                                                             Case Manager